Filing # 88049492 E-Filed 04/16/2019 01:33:31 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

**JOSEPH ROLON and DEVIN ROLON**,
individuals,

      Plaintiffs,

vs.

**MID-AMERICA APARTMENTS, LTD.**,
a Foreign Limited Partnership, **d/b/a**
**ST. AUGUSTINE AT THE LAKE**,
and **LISA NICHOLS**, an individual,

      Defendants.
_____/

## COMPLAINT

Plaintiffs, JOSEPH ROLON and DEVIN ROLON, sue the Defendants, MID-AMERICA APARTMENTS, LTD., a Foreign Limited Partnership, d/b/a ST. AUGUSTINE AT THE LAKE (hereafter "ST. AUGUSTINE AT THE LAKE") and LISA NICHOLS, and allege:

### COMMON ALLEGATIONS AS TO ALL COUNTS

1. This is an action for damages in excess of $15,000.00 exclusive of interest and costs.

2. At all times material hereto, Plaintiff, JOSEPH ROLON, was and remains a resident of Jacksonville, Duval County, Florida.

3. At all times material hereto, including August 12, 2018, and August 21, 2018, Defendant, ST. AUGUSTINE AT THE LAKE, was and remains a foreign limited partnership.

4. At all times material hereto, including August 12, 2018, and August 21, 2018, Defendant, LISA NICHOLS, was and remains a resident of Duval County, Florida.

5. Venue in Duval County, Florida is proper as the injuries sustained by Plaintiff, JOSEPH ROLON, occurred at 11001 Old St. Augustine Road, Jacksonville, Duval County, Florida.

6. At all times material hereto, including August 12, 2018, and August 21, 2018, Defendant, ST. AUGUSTINE AT THE LAKE, owned, operated, leased, possessed, controlled or managed the premises located at 11001 Old St. Augustine Road, Jacksonville, Duval County, Florida, where it owned, operated, possessed, controlled or managed the premises as a residential condominium complex.

7. At all times material hereto, including August 12, 2018, and August 21, 2018, Defendant, LISA NICHOLS, served as the property manager at the apartment complex named ST. AUGUSTINE AT THE LAKE located at 11001 Old St. Augustine Road, Jacksonville, Duval County Florida, with supervisory authority for Defendant, ST. AUGUSTINE AT THE LAKE.

8. On August 12, 2018, and August 21, 2018, Plaintiff, JOSEPH ROLON, was a legal invitee at the premises of Defendant, ST. AUGUSTINE AT THE LAKE.

9. On August 12, 2018 and on August 21, 2018, Plaintiff, JOSEPH ROLON, was at Defendant, ST. AUGUSTINE AT THE LAKE'S, aforementioned premises attempting to walk up and walk down the staircase located outside of his apartment when the dangerous conditions that existed on the subject staircase, caused him to slip/trip, causing the Plaintiff, JOSEPH ROLON, to suffer injuries.

### COUNT I (against ST. AUGUSTINE AT THE LAKE)
### (Incident Date August 12, 2018)

10. Plaintiff, JOSEPH ROLON, realleges paragraphs 1 through 9 as though fully set forth herein.

11. At all times material hereto, including August 12, 2018, Defendant, ST. AUGUSTINE AT THE LAKE, maintained and controlled the premises located at 11001 Old St.

Augustine Road, Jacksonville, Duval County, Florida, including the staircase located outside apartment unit 1009 located at said premises.

12. At all times material hereto, including August 12, 2018, Defendant, ST. AUGUSTINE AT THE LAKE, knew or should have known that its residents would ascend and descend the staircase located outside apartment unit 1009 located at said premises.

13. At all times material hereto, including August 12, 2018, Defendant, ST. AUGUSTINE AT THE LAKE, had a duty to maintain the staircase located outside apartment unit 1009 located at said premises in a reasonably safe condition.

14. At all times material hereto, including August 12, 2018, Defendant, ST. AUGUSTINE AT THE LAKE, should have maintained the staircase located outside apartment unit 1009 located at said premises so that the second step from the bottom of the subject staircase was not broken so as to render the step as a dangerous condition.

15. The dangerous condition of the second step from the bottom of the subject staircase located outside apartment unit 1009 located at said premises – to wit: the step being broken – constituted a latent danger which would not have been discoverable by Plaintiff, JOSEPH ROLON, even with the exercise of reasonable care.

16. As the business entity that owned, operated, possessed, controlled or managed the subject premises as described herein, Defendant, ST. AUGUSTINE AT THE LAKE, knew or should have known of the existence of the dangerous condition that existed on the second step from the bottom of the subject staircase located outside apartment unit 1009 located at said premises on August 12, 2018, and at all times material hereto.

17. As the business entity that owned, operated, possessed, controlled or managed the subject premises as described herein, Defendant, ST. AUGUSTINE AT THE LAKE, knew, should have known, or should have anticipated that a person, including Plaintiff, JOSEPH ROLON, could be harmed or injured as a result of the dangerous condition that existed on the second step from the

bottom of the subject staircase located outside apartment unit 1009 located at said premises on August 12, 2018, and at all times material hereto.

18.  As the owner of the subject premises, Defendant, ST. AUGUSTINE AT THE LAKE, owed a duty of care to invitees, including the Plaintiff, JOSEPH ROLON, at its above-described premises to use reasonable care to maintain said premises in a safe condition.

19.  As the owner of the subject premises, Defendant, ST. AUGUSTINE AT THE LAKE, was negligent and breached its duty of care that it owed to Plaintiff, JOSEPH ROLON, as a result of one or more of the following actions and/or inactions by ST. AUGUSTINE AT THE LAKE:

a) ST. AUGUSTINE AT THE LAKE negligently failed to properly instruct its respective employees, agents and/or servants as to the proper care and maintenance of the subject staircase, and thereby knowingly permitting a dangerous condition to remain on the premises to the peril of the Plaintiff;

b) ST. AUGUSTINE AT THE LAKE negligently failed to inspect the subject staircase described above to discover the dangerous condition(s), including, but not limited to, a broken step which was the second step from the bottom of the subject staircase;

c) ST. AUGUSTINE AT THE LAKE negligently failed to have in place proper methods of operation to discover and remedy the condition as alleged, and to protect invitees, such as the Plaintiff, from the reasonably foreseeable risks of harm created by these negligent methods of operation;

d) ST. AUGUSTINE AT THE LAKE negligently failed to maintain its premises, including the subject staircase described above, in a reasonably safe condition;

e) ST. AUGUSTINE AT THE LAKE negligently failed to correct one or more dangerous conditions, to-wit: a broken step which was the second step from the

bottom of the subject staircase, of which ST. AUGUSTINE AT THE LAKE either knew or should have known by the use of reasonable care;

f) ST. AUGUSTINE AT THE LAKE negligently failed to warn Plaintiff JOSEPH ROLON of the dangerous condition(s) that existed concerning a broken step which was the second step from the bottom of the subject staircase, of which ST. AUGUSTINE AT THE LAKE had prior notice and/or should have had knowledge greater than that of Plaintiff, JOSEPH ROLON; and/or

g) ST. AUGUSTINE AT THE LAKE negligently failed to implement reasonable measures to make the subject staircase safe.

20. At all times material hereto, including August 12, 2018, the conditions referenced above independently and/or aggregately constituted an unsafe and dangerous condition.

21. As a direct and proximate result of the above-described negligence of Defendant, ST. AUGUSTINE AT THE LAKE, the Plaintiff, JOSEPH ROLON, suffered severe injuries.

22. The injuries suffered by Plaintiff, JOSEPH ROLON, which were the result of the above-described negligence, were reasonably foreseeable consequences of the negligence of Defendant, ST. AUGUSTINE AT THE LAKE.

23. As a direct and proximate result of Defendant, ST. AUGUSTINE AT THE LAKE'S, negligence described above, Plaintiff, JOSEPH ROLON, suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE,** Plaintiff, JOSEPH ROLON, demands judgment against Defendant, ST. AUGUSTINE AT THE LAKE, for damages, costs of this action, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

### COUNT II (against ST. AUGUSTINE AT THE LAKE)
### (Incident Date August 21, 2018)

24. Plaintiff, JOSEPH ROLON, realleges paragraphs 1 through 9 as though fully set forth herein.

25. At all times material hereto, including August 21, 2018, Defendant, ST. AUGUSTINE AT THE LAKE, maintained and controlled the premises located at 11001 Old St. Augustine Road, Jacksonville, Duval County, Florida, including the staircase located outside apartment unit 1009 located at said premises.

26. At all times material hereto, including August 21, 2018, Defendant, ST. AUGUSTINE AT THE LAKE, knew or should have known that its residents would ascend and descend the staircase located outside apartment unit 1009 located at said premises.

27. At all times material hereto, including August 21, 2018, Defendant, ST. AUGUSTINE AT THE LAKE, had a duty to maintain the staircase located outside apartment unit 1009 located at said premises in a reasonably safe condition.

28. At all times material hereto, including August 21, 2018, Defendant, ST. AUGUSTINE AT THE LAKE, should have maintained the staircase located outside apartment unit 1009 located at said premises so that the broken step in the upper half of the subject staircase was not broken so as to render the step as a dangerous condition.

29. The dangerous condition of a step on the upper half of the subject staircase located outside apartment unit 1009 located at said premises – to wit: the step being broken – constituted a latent danger which would not have been discoverable by Plaintiff, JOSEPH ROLON, even with the exercise of reasonable care.

30. As the business entity that owned, operated, possessed, controlled or managed the subject premises as described herein, Defendant, ST. AUGUSTINE AT THE LAKE, knew or should have known of the existence of the dangerous condition that existed on a step in the upper half of the subject staircase located outside apartment unit 1009 located at said premises on August 21, 2018, and at all times material hereto.

31. As the business entity that owned, operated, possessed, controlled or managed the subject premises as described herein, Defendant, ST. AUGUSTINE AT THE LAKE, knew, should have known, or should have anticipated that a person, including Plaintiff, JOSEPH ROLON, could be harmed or injured as a result of the dangerous condition that existed on a step on the upper half of the subject staircase located outside apartment unit 1009 located at said premises on August 21, 2018, and at all times material hereto.

32. As the owner of the subject premises, Defendant, ST. AUGUSTINE AT THE LAKE, owed a duty of care to invitees, including the Plaintiff, JOSEPH ROLON, at its above-described premises to use reasonable care to maintain said premises in a safe condition.

33. As the owner of the subject premises, Defendant, ST. AUGUSTINE AT THE LAKE, was negligent and breached its duty of care that it owed to Plaintiff, JOSEPH ROLON, as a result of one or more of the following actions and/or inactions by ST. AUGUSTINE AT THE LAKE:

   a) ST. AUGUSTINE AT THE LAKE negligently failed to properly instruct its respective employees, agents and/or servants as to the proper care and maintenance of the subject staircase, and thereby knowingly permitting a dangerous condition to remain on the premises to the peril of the Plaintiff;

   b) ST. AUGUSTINE AT THE LAKE negligently failed to inspect the subject staircase described above to discover the dangerous condition(s), including, but not limited to, a broken step which was on the upper half of the subject staircase;

    c)    ST. AUGUSTINE AT THE LAKE negligently failed to have in place proper methods of operation to discover and remedy the condition as alleged, and to protect invitees, such as the Plaintiff, from the reasonably foreseeable risks of harm created by these negligent methods of operation;

    d)    ST. AUGUSTINE AT THE LAKE negligently failed to maintain its premises, including the subject staircase described above, in a reasonably safe condition;

    e)    ST. AUGUSTINE AT THE LAKE negligently failed to correct one or more dangerous conditions, to-wit: a broken step on the upper half of the subject staircase, of which ST. AUGUSTINE AT THE LAKE either knew or should have known by the use of reasonable care;

    f)    ST. AUGUSTINE AT THE LAKE negligently failed to warn Plaintiff JOSEPH ROLON of the dangerous condition(s) that existed concerning a broken step on the upper half of the subject staircase, of which ST. AUGUSTINE AT THE LAKE had prior notice and/or should have had knowledge greater than that of Plaintiff, JOSEPH ROLON; and/or

    g)    ST. AUGUSTINE AT THE LAKE negligently failed to implement reasonable measures to make the subject staircase safe.

34. At all times material hereto, including August 21, 2018, the conditions referenced above independently and/or aggregately constituted an unsafe and dangerous condition.

35. As a direct and proximate result of the above-described negligence of Defendant, ST. AUGUSTINE AT THE LAKE, the Plaintiff, JOSEPH ROLON, suffered severe injuries.

36. The injuries suffered by Plaintiff, JOSEPH ROLON, which were the result of the above-described negligence, were reasonably foreseeable consequences of the negligence of Defendant, ST. AUGUSTINE AT THE LAKE.

37.    As a direct and proximate result of Defendant, ST. AUGUSTINE AT THE LAKE'S, negligence described above, Plaintiff, JOSEPH ROLON, suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, JOSEPH ROLON, demands judgment against Defendant, ST. AUGUSTINE AT THE LAKE, for damages, costs of this action, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

### COUNT III (against LISA NICHOLS)
### (Incident dates August 12, 2018, and August 21, 2018)

38.    Plaintiff, JOSEPH ROLON, realleges paragraphs 1 through 9 as though fully set forth herein.

39.    At all times material hereto, including August 12, 2018, and August 21, 2018, Defendant, LISA NICHOLS, maintained, controlled, and operated, through her role as the property manager, the premises located at 11001 Old St. Augustine Road, Jacksonville, Duval County, Florida, including the staircase located outside apartment unit 1009 located at said premises.

40.    On August 12, 2018, and August 21, 2018, Plaintiff, JOSEPH ROLON, was a legal invitee at the premises of Defendants, located at 11001 Old St. Augustine Road, Jacksonville, Florida.

41.    On August 12, 2018, Plaintiff, JOSEPH ROLON, was at the aforementioned premises attempting to walk up the staircase located outside apartment unit 1009 when the Plaintiff reached the second step from the bottom of the subject staircase, which was broken, and the Plaintiff slipped and/or tripped on the broken step which was in a condition of disrepair, causing the Plaintiff, JOSEPH ROLON, to be injured.

42. On August 21, 2018, Plaintiff, JOSEPH ROLON, was at the aforementioned premises attempting to walk down the staircase located outside apartment unit 1009 when the Plaintiff slipped and/or tripped on a broken step in the upper half of the subject staircase which was in a condition of disrepair, causing the Plaintiff, JOSEPH ROLON, to be injured.

43. At all times material hereto, including August 12, 2018, and August 21, 2018, Defendant, LISA NICHOLS, knew or should have known that invitees would ascend and descend the staircase located outside apartment unit 1009 located at said premises.

44. At all times material hereto, including August 12, 2018, and August 21, 2018, Defendant, LISA NICHOLS, as manager in control of the subject premises, had a duty to maintain the staircase located outside apartment unit 1009 located at said premises in a reasonably safe condition.

45. At all times material hereto, including August 12, 2018, and August 21, 2018, Defendant, LISA NICHOLS, as manager of the subject premises, should have maintained the staircase located outside apartment unit 1009 located at said premises so that the steps were not broken so as to render the steps as a dangerous condition.

46. The dangerous condition steps of the subject staircase located outside apartment unit 1009 located at said premises – to wit: the steps being broken – constituted a latent danger which would not have been discoverable by Plaintiff, JOSEPH ROLON, even with the exercise of reasonable care.

47. As the manager in control of the premises located at 11001 Old St. Augustine Road, Jacksonville, Florida, Defendant, LISA NICHOLS, knew or should have known of the existence of the dangerous condition that existed on the subject staircase located outside apartment unit 1009 located at said premises on August 12, 2018, and August 21, 2018, and at all times material hereto.

48. As the manager in control of the premises located at 11001 Old St. Augustine Road, Jacksonville, Florida, Defendant, LISA NICHOLS, knew, should have known, or should have

anticipated that a person, including Plaintiff, JOSEPH ROLON, could be harmed or injured as a result of the dangerous condition that existed on the subject staircase located outside apartment unit 1009 located at said premises on August 12, 2018, and August 21, 2018, and at all times material hereto.

49. As the property manager of 11001 Old St. Augustine Road, Jacksonville, Florida, Defendant, LISA NICHOLS, owed a duty of care to invitees, including the Plaintiff, JOSEPH ROLON, to use reasonable care to maintain the above-described premises in a safe condition, including, but not limited to, the subject staircase located outside apartment unit 1009 located at said premises.

50. As the property manager 11001 Old St. Augustine Road, Jacksonville, Florida, Defendant, LISA NICHOLS, was negligent and breached his duty of care that he owed to Plaintiff, JOSEPH ROLON, as a result of one or more of the following actions and/or inactions by LISA NICHOLS:

   a) LISA NICHOLS negligently failed to inspect the subject staircase described above to discover the dangerous condition(s), including, but not limited to, broken steps on the subject staircase;

   b) LISA NICHOLS negligently failed to maintain the subject staircase described above in a reasonably safe condition;

   c) LISA NICHOLS negligently failed to correct one or more dangerous conditions, to-wit: broken steps on the subject staircase, of which LISA NICHOLS either knew or should have known by the use of reasonable care;

   d) LISA NICHOLS negligently failed to warn Plaintiff, JOSEPH ROLON, of the dangerous condition(s) that existed on the subject staircase, of which LISA

NICHOLS had prior notice and/or should have had knowledge greater than that of Plaintiff, JOSEPH ROLON; and/or

e) LISA NICHOLS negligently failed to implement reasonable measures to make the subject staircase safe.

51. At all times material hereto, including August 12, 2018, and August 21, 2018, the conditions referenced above independently and/or aggregately constituted an unsafe and dangerous condition.

52. As a direct and proximate result of the above-described negligence of Defendant, LISA NICHOLS, the Plaintiff, JOSEPH ROLON, suffered severe injuries.

53. The injuries suffered by Plaintiff, JOSEPH ROLON, which were the result of the above-described negligence, were reasonably foreseeable consequences of the negligence of Defendant, LISA NICHOLS.

54. As a direct and proximate result of Defendant, LISA NICHOLS's, negligence described above, Plaintiff, JOSEPH ROLON, suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, JOSEPH ROLON, demands judgment against Defendant, LISA NICHOLS, for damages, costs of this action, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

## COUNT IV (DEVIN ROLON V. DEFENDANTS)

55. Plaintiff, DEVIN ROLON, realleges and reaffirms Paragraphs 1-9 set forth above.

56. Upon information and belief, at all times material hereto, including August 12, 2018, and August 21, 2018, DEFENDANTS, created or caused a dangerous condition to exist on the staircase located outside apartment unit 1009 at 11001 Old St. Augustine Road, Jacksonville, Florida.

57. On August 12, 2018, and August 21, 2018, as a result of the negligence of DEFENDANTS, Plaintiff, JOSEPH ROLON, fell due to the existence of broken steps on the staircase located outside apartment unit 1009 at 11001 Old St. Augustine Road, Jacksonville, Florida.

58. As a direct and proximate result of the above-described negligence of DEFENDANTS, the Plaintiff, JOSEPH ROLON, suffered severe injuries.

59. The injuries suffered by Plaintiff, JOSEPH ROLON, which were the result of the above-described negligence, were reasonably foreseeable consequences of the negligence of DEFENDANTS.

60. As a direct and proximate result of the negligence described above, Plaintiff, JOSEPH ROLON, suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff(s) will suffer the losses in the future.

61. As a direct and proximate result of the above-described negligence, Plaintiff, DEVIN ROLON, suffered in the past and will continue to suffer in the future the loss of the comfort, society, consortium and services of her husband, JOSEPH ROLON.

**WHEREFORE**, Plaintiff, DEVIN ROLON, demands judgment against DEFENDANTS, for damages, costs of this action, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiffs, JOSEPH ROLON and DEVIN ROLON, demands trial by jury on all issues so triable.

**RESPECTFULLY** submitted this 16th day of April, 2019.

        **MORGAN & MORGAN, P.A.**

        */s/ Sarah A. Foster*
        **SARAH A. FOSTER, ESQ.**
        FL Bar No.: 0115462
        76 South Laura Street, Suite 1100
        Jacksonville, FL 32202
        Telephone: (904) 361-4442
        Facsimile: (904) 366-7677
        Primary e-mail: sarahfoster@forthepeople.com
        Secondary e-mail: aperry@forthepeople.com
        *Attorneys for Plaintiffs*